# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-423V

**Filed: May 4, 2017**

* * * * * * * * * * * * *
DAVID LIGHTBOURNE, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * *

Special Master Sanders

Attorneys' Fees and Costs; Reasonable Hours Expended.

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On April 27, 2015, David Lightbourne ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that as a result of the Hepatitis A and Hepatitis B vaccines administered on August 6, 2012, and the Tetanus-diphtheria-acellular pertussis ("Tdap"), and Meningococcal vaccines administered on May 15, 2014, he developed severe gastro-intestinal ("GI") distress, nerve pain, confusion, fatigue, disorientation, paresis, transient paralysis and loss of motor function. Decision Stipulation 1, ECF No. 50. On January 12, 2017, Special Master Hamilton-Fieldman issued a decision awarding compensation to Petitioner pursuant to the

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

parties' joint stipulation. *Id.*

On January 20, 2017, Petitioner submitted his application for Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 51. On February 6, 2017, Respondent filed his Response to Petitioner's motion. Resp't's Resp., ECF No. 55. Petitioner did not submit a Reply to Respondent's filing. Docket Rep. This matter is now ripe, and after careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

## I. PROCEDURAL HISTORY

In Petitioner's Motion for Attorneys' Fees, he requested $23,542.50 in fees and $970.14 in costs, totaling $24,512.64. Mot. Att'ys' Fees. Petitioner's counsel, Mr. Andrew Downing, requested an hourly rate of $350 for work completed in 2014 through 2016. Pet'r's Ex. A at 34, ECF No. 51-1. Mr. Downing increased his requested hourly rate to $375 for work performed in 2017. *Id.* Petitioner also requested reimbursement for the work performed by an associate attorney and two paralegals in this case. *Id.* Mr. Justin Redman, an associate attorney in Mr. Downing's firm, requested an hourly rate of $195 for his work performed in 2014 through 2015. *Id.* The paralegals that worked on this case, Danielle Avery and Robert Cain, requested an hourly rate of $100 for the work they performed in 2014 through 2016. *Id.* Ms. Avery increased her hourly rate request to $135 for the work she performed in 2017. *Id.* Petitioner further averred that he did not incur any personal costs in this matter. Mot. Att'ys' Fees 2.

In his response, Respondent observed that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. 1. Respondent allowed that "the statutory requirements for an award of attorneys' fees and costs are met in this case," and concluded by asking for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 2, 3.

For the reasons articulated below, the undersigned awards Petitioner $21,717.50 for attorneys' fees and costs in full, for a total award of $22,687.64.

## II. STANDARDS FOR ADJUDICATION

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys'

fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425. *Id.* An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350. *Id.*

## III.   DISCUSSION

### A.  Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). The undersigned previously addressed Mr. Downing's requested hourly rates in *Rich v. Secretary of Health and Human Services*, No. 12-742, 2017 WL 1435879, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The undersigned finds Mr. Downing's $350 hourly request to be reasonable; however, the undersigned will reduce Mr. Downing's 2017 hourly rate to $363. *See id.* (finding a 3.7% increase in Mr. Downing's hourly rate to be reasonable). This reduction equals $36.

The undersigned has also found that Mr. Redman's and Mr. Cain's hourly rates to be reasonable. *See id.* Ms. Avery's hourly rates for 2014 through 2016 are also reasonable; however, as in *Rich*, the undersigned will reduce her 2017 requested rate from $135 to $110 per hour. *See id.* Similar to *Rich*, Mr. Downing provides no information related to Ms. Avery's qualifications, and therefore, the undersigned will apply the same reasonable increase in *Rich* to Ms. Avery's rate in this case. *Id.* This reduction equals $85.

### B.  Hours Expended

An attorney in the Vaccine Program will be awarded attorneys' fees at a reasonable rate and for "hours reasonably expended." 515 F.3d at 1348; *see also Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4-*5 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (discussing reducing attorneys' fees for "vague and excessive" billing entries). In a review of Mr. Caldwell's billing records, the undersigned found several duplicative billing requests.

Petitioner's billing records include several entries for the review of medical records that were previously reviewed. On August 28, 2014, Mr. Downing recorded a review of medical records from the Community Hospital of Long Beach. Pet'r's Ex. A at 1. It is unclear, then, why Mr. Redman spent 1.5 hours reviewing these same medical records on December 2, 2014.

*Id.* at 7. Mr. Redman additionally spent 1.9 hours on that same day reviewing medical records from Kaiser Permanente. *Id.* These are the same records he first reviewed on October 10, 2014 and continued to review on December 8, 2014. *Id.* at 6-7. Mr. Cain also submitted hours on October 10, 2014 for a review of the Kaiser Permanente records Mr. Redman reviewed on that same day. *Id.* at 12, 6. Mr. Downing himself submitted hours to review these same Kaiser Permanente records for October 13, 2014. *Id.* at 2. The undersigned will not award Mr. Downing or Mr. Cain for their duplicative reviews on October 13, 2014 and October 10, 2014, respectively. The undersigned will also reduce Mr. Redman's requests for December 2, 2014 and December 8, 2014 by three hours, taking into account previous review of the Long Island Hospital and Kaiser Permanente records. Additionally, Mr. Redman recorded a review of records from the C.A.R.E. clinic the same day as Mr. Cain reviewed the same records. *Id.* at 8, 14. The undersigned will accordingly not award Mr. Redman fees for this duplicative review. The total of this reduction amounts to $1,369.00.

Petitioner's records also include duplicative billing requests for a phone call between Mr. Downing, Mr. Redman, and Petitioner. *Id.* at 2, 8. On March 11, 2015, both Mr. Downing and Mr. Redman submitted a request for reimbursement for the same call with Petitioner. *Id.* The undersigned will not award Mr. Redman for this billing request. Mr. Cain and Ms. Avery submitted duplicate billing requests for October 1, 2014 to "review narrative provided by client," and "reviewed . . . [and] extracted client's 'story' and saved to file," respectively. *Id.* at 12, 19. The undersigned will award half of these two requests. Finally, Mr. Redman and Mr. Cain submitted billing records for the drafting and sending of emails to other attorneys or paralegals in the firm. *Id.* at 7, 8, 13, 14. The undersigned will consequently neither award Mr. Redman for the email billing requests of December 8, 2014 and January 16, 2015, nor award Mr. Cain for the email billing requests of December 24, 2014; January 5, 2015; or May 7, 2015. *Id.* The total for these reductions amounts to $335.00. The total reduction in attorneys' fees is thus **$1,825.00**.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner's request for costs consists of charges related to procuring medical records, postage, and photocopying. Pet'r's Ex. A at 29-34. Upon reviewing Petitioner's request, the undersigned finds these costs to be reasonable, and therefore awards them in full.

## IV. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $22,687.64,**[3] **to be issued in the form of a check payable**

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.